```
C09 JAN 20 PM 1:28
```

HONORABLE PHILIP H. BRANT

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER A. JACOBSON AND MARIA E. JACOBSON<br>Debtor(s) | Case Number: 08-45120-PHB<br><br>Debtors Motion to Dismiss Movant's Motion for Relief from Automatic Stay |

I, Peter Jacobson, Debtor in above referenced case, having informed my attorney of my intent to file this motion with the Court, not under his signature, moves this Court to deny the Creditor's Motion For Relief of Automatic Stay (11 U.S.C.§ 362 and Bankruptcy Rule 4001), dated December 18, 2008, in the real property generally described as 4207 Kootnai Street West, Tacoma, Washington 98466, Debtor's principal residence, because of the following reasons.

I.  Creditor UBS had, previously to their filing their Motion For Relief of Automatic Stay, received $219,076.04 from the Central Bank of Switzerland for the security interest in the real property listed in my petition.

II. Creditor UBS has transferred security interest in the real property to the Central Bank of Switzerland.

   A. If Creditor UBS transferred the security interest in the real property in July 2008, that the real property was secured by the Central Bank of Switzerland in the amount of $219,076.04, with repayment being 10%, or $21,907.60.

Peter Jacobson
4207 Kootnai Street West, University Place, WA 98466
253.534.8800   talkwithpeterj@gmail.com

      B.    If Creditor UBS transferred the security interest in the real property in October 2008, that the real property was secured by the Central Bank of Switzerland in the amount of $219,076.04, with UBS and the Central Bank of Switzerland to share whatever settlement is made in this real property as windfall profit, each receiving a 50-50 share.

III.    Creditor has not been genuine with the Court by these actions, to include: not informing the Court of this Forward Contract/Repurchase and/or Swap Agreement and/or involvement or participation in TARP, if any.

IV.    Creditor has not worked in good faith with the Debtor to resolve the issue of the property prior to my filing the Chapter 7 petition. Prior to the filing, UBS has chosen not to respond.

V.    Creditor is not facing any risk and the stay is serving its purpose.

Upon receipt of the Motion For Relief of Automatic Stay (11 U.S.C.§ 362 and Bankruptcy Rule 4001), it became apparent to me that since UBS had not been forthcoming with me prior to and after my Chapter 7 filing in my attempts to mitigate the foreclosure; the recent actions concerning the distribution of TARP funds; public statements made by the United States Treasury Secretary Henry Paulson in September 2008 and UBS Chairman Peter Kurer on October 2, 2008; that something is amiss.

Upon further research, it became apparent to me that UBS may have included my real property into their "toxic assets" that allowed UBS to "offload $60 billion of illiquid assets" with" very few strings attached", as stated by USB spokesperson Mr Kurer, October 16, 2008, in the Telegraph Nespaper in the United Kingdom. *www.telegraph.co.uk/finance/financetopics/financialcrisis Last Updated: 12:52PM BST 16 Oct 2008.*

To assertain confirmation of the status of my property, and only in interest to learn the status of the property and take no action other than recieving that information, on or about January 16, 2009, I telephoned UBS Chicago, identified myself, and asked to speak with someone concerning my foreclosed property. I was asked for the property number which I gave, and was subsequently

Peter Jacobson
4207 Kootnai Street West, University Place, WA 98466
253.534.8800   talkwithpeterj@gmail.com

**Debtor's Motion to Dismiss Movant's Motion for Relief of Stay, December 18, 2008**

1. told that the information I was looking for was no longer available from UBS because it had been
2. transferred to the Central Swiss Bank. I then asked to whom I was speaking and was told that "I am
3. not authorized to provide you with that information" and they hung up on me. (Chicago: 1 North
4. Wacker Drive, Chicago IL 60606, +1-312-525 5000)
5.     Since UBS historically has not been forthcoming with information to me, I can not fully
6. ascertain if the security interest in the real property was transferred to the Central Bank of
7. Switzerland on or about 16 October 2008 or previously in July 2008. In both cases UBS would have
8. received $219,076.04 from the Central Bank of Switzerland to retain the security interest, with the
9. difference being the repurchase and/or swap agreement terms.
10.     Following this call I looked further into the circumstances surrounding UBS and the Central
11. Bank of Switzerland and uncovered three (3) reasons (numbers I through III above) that UBS's
12. Motion For Relief of Automatic Stay (11 U.S.C.§ 362 and Bankruptcy Rule 4001) should be
13. denied, with prejudice.

### I.

### UBS HAD, PREVIOUSLY TO THEIR FILING THEIR MOTION FOR RELIEF OF AUTOMATIC STAY, RECEIVED $219,076.04 FROM THE CENTRAL BANK OF SWITZERLAND FOR THE SECURITY INTEREST IN THE PROPERTY LISTED IN MY PETITION, THEREBY RELEASING THEIR SECURED INTEREST BUT POSSIBLY MAINTAINING AN USECURED INTEREST

20. As reported December 18, 2008 "But no amount of PR spin could hide the grim reality, as
21. UBS admitted that some of its investments in US housing had turned sour, forcing an $11-billion
22. write-down." *abc.net.au UBS faces painful subprime loss AM - Tuesday, 11 December, 2007*
23. *08:26:00Reporter: Peter Ryan www.abc.net.au/am/content/2007*
24. As reported October 16, 2008, "The Swiss government has provided UBS with SFr6bn
25. (£3.05bn) of fresh capital and the Swiss National Bank will enable it to offload $60bn (£35bn) of
26. illiquid assets through a new fund in an attempt to stabalise the troubled bank... UBS has made a
27. total of $42bn of write-downs as a result of the credit crisis, more than any other European bank,
28. and it has already raised $30bn of new capital."

> Peter Jacobson
> 4207 Kootnai Street West, University Place, WA 98466
> 253.534.8800  talkwithpeterj@gmail.com

**Debtor's Motion to Dismiss Movant's Motion for Relief of Stay, December 18, 2008**

1 | *www.telegraph.co.uk/finance/financetopics/financialcrisis Last Updated: 12:52PM BST 16 Oct*
2 | *2008.*
3 | As reported December 11, 2008, "This is the second subprime battering for UBS which
4 | wrote-down $5-billion back in July. That prompted the bank's first loss in five years and the sacking
5 | of its chief executive. *December 11, 2008* abc.net.au *UBS faces painful subprime loss AM -*
6 | *Tuesday, 11 December, 2007 08:26:00* **Reporter: Peter Ryan** *www.abc.net.au/am/content/2007*
7 | As reported on October 2, 2008, "Shares of UBS (nyse: UBS - news - people ) soared
8 | 10.5%, or 2.06 Swiss francs ($1.81), to 21.76 Swiss francs ($19.21) on Thursday afternoon in
9 | Zurich, after the Swiss bank said it had "substantially reduced" its U.S. commercial and residential
10 | property-related assets, mainly through disposals. A spokeswoman for UBS declined to value the
11 | size of the disposal or say where the toxic assets had gone...("The Bailout: An Owner's Manual.")
12 | UBS has been more aggressive about marking down its assets than many of the banks for whom the
13 | rescue package is intended, making it easier for the Swiss bank to sell them on...Chairman Peter
14 | Kurer also said in an official statement that the bank expected to post a "small" profit when it
15 | reported its third-quarter earnings on Nov. 4. ...Analysts are expecting the bank to report between
16 | 3.0 billion Swiss francs ($2.7 billion) and 5.0 billion Swiss francs ($4.4 billion) in write-downs, and
17 | for net money outflows to be similar to those seen in the second quarter of the year." *Forbes.com*
18 | *Market Scan, UBS Gets An Alternative Bailout, Vidya Ram, 10.02.08, 08:10 AM EDT*
19 | "At the core of the tripartite Swiss operation is the decision to take on $49bn of toxic UBS
20 | assets — $31bn in the US and $18bn of non-US debt — into the new entity. This will be funded by
21 | $6bn of UBS equity acquired via the government and $54bn from the SNB." *Guardian.co.uk*
22 | *Switzerland unveils bank bail-out plan • UBS hit by 'massive' outflows of clients' money • Analysts*
23 | *said today's moves made the Swiss banks the best capitalised in the world, October 16, 2998.*
24 | By UBS accepting the bailout that included $219,076.04 for the security interest in the real
25 | property commonly known as 4207 Kootnai Street West, Tacoma, Washington 98466 from the
26 | Central Bank of Switzerland, UBS thereby eliminated any previous and/or present real security
27 | interest in the real property in this motion and in my petition et al., but may, as a financial
28 | participant, have an unsecured interest in any windfall produced by this property.

Peter Jacobson
4207 Kootnai Street West, University Place, WA 98466
253.534.8800　talkwithpeterj@gmail.com

**Debtor's Motion to Dismiss Movant's Motion for Relief of Stay, December 18, 2008**

## II.
## CREDITOR UBS HAS TRANSFERRED SECURITY INTEREST IN THE REAL PROPERTY TO THE CENTRAL BANK OF SWITZERLAND.

A. If Creditor UBS transferred the security interest in the real property included in their writedown of $5 billion in July 2008, that the real property was secured by the Central Bank of Switzerland in the amount of $219,076.04, with repurchase by UBS being 10%, or $21,907.60.

If this is the case, a payment to UBS of $21,907.60 would make UBS whole.

B. If Creditor UBS transferred the security interest in the real property in October 2008, the real property was secured by the Central Bank of Switzerland in the amount of $219,076.04, with UBS and the Central Bank of Switzerland to share whatever settlement is made in this real property as windfall profit, each receiving a 50-50 share.

If this is the case, then UBS will receive additional windfall profits that have nothing to do with their claim in this motion, thus receiving an amount of money exceeding the value of the real property that they themselves value at either:

1. $21,907.60 in the July 2008 transfer and repurchase agreement, or
2. $165,000.00 as stated in their Motion For Relief of Automatic Stay (11 U.S.C.§ 362 and Bankruptcy Rule 4001), dated December 18, 2008.

## III.
## CREDITOR HAS NOT BEEN GENUINE WITH THE COURT BY THESE ACTIONS, TO INCLUDE: NOT INFORMING THE COURT OF THIS FORWARD CONTRACT/REPURCHASE AND/OR SWAP AGREEMENT AND/OR INVOLVEMENT OR PARTICIPATION IN TARP, IF ANY.

By Creditor stating in their Motion For Relief of Automatic Stay (11 U.S.C.§ 362 and Bankruptcy Rule 4001), dated December 18, 2008 that the property has a value of $165,000.00 (page 4, line 12), and; did so to reap windfall profits per UBS's security agreement with the central bank of Switzerland, sharing all revenues 50-50.

Creditor has not presented to Debtor or the Court whether or not UBS has or will participate

Peter Jacobson
4207 Kootnai Street West, University Place, WA 98466
253.534.8800  talkwithpeterj@gmail.com

Debtor's Motion to Dismiss Movant's Motion for Relief of Stay, December 18, 2008

in TARP, and if so, will the real property commonly known as 4207 Kootnai Street West, Tacoma, Washington 98466 has been or will be part of that participation?. "Treasury Secretary Henry Paulson said Sunday that foreign banks will be able to unload bad financial assets under a $700 billion U.S. proposal aimed at restoring order during a devastating financial crisis..."Yes, and they should. Because ... if a financial institution has business operations in the United States, hires people in the United States, if they are clogged with illiquid assets, they have the same impact on the American people as any other institution," Paulson said on ABC TV." *September 22, 2008, Is Paulson going to bail out McCain's friend, Phil Gramm's UBS? 9/22/2008 01:32:00 AM ET*

## IV.
## CREDITOR HAS NOT WORKED IN GOOD FAITH WITH THE DEBTOR TO RESOLVE THE ISSUE OF THE PROPERTY PRIOR TO MY FILING THE CHAPTER 7 PETITION. PRIOR TO THE FILING, UBS HAS CHOSEN NOT TO RESPOND

I have, in good faith, attempted to make settlement with the Creditor prior to our filing for Chapter 7 and through a third party known to my attorney and working with his permission to seek a settlement with the Creditor. The Creditor has not worked in good faith with the Debtor to negotiate or come to a settlement, by choosing to close negotiations before all data was presented, or choosing to not respond to communications.

This third party, Mr. John Xitco (Zit-Co: telephone number 253.606.2549) of Palm Desert, California, upon learning of the foreclosure action of the Creditor, offered to extend assistance to the Debtor to allow our keeping and remaining in our principal residence, the real property commonly known as 4207 Kootnai Street West, Tacoma, Washington 98466 by providing the necessary funds to either: (1) provide a bridge loan to Debtor to be refinanced at a later date, or (2) provide cash upfront for a refinance by the Creditor.

(1)     The bridge loan would be full payment of the settlement price, including arrearages, which would transfer clear title of the property with no encumbrances to Mr. Xitco. Mr. Xitco would not make any profit on the resale back to the Debtor at a later date because his intervention was offered as a friend's gesture.

(2)     The upfront cash was to be $20,000.00 with an agreed full settlement price,

Peter Jacobson
4207 Kootnai Street West, University Place, WA 98466
253.534.8800    talkwithpeterj@gmail.com

**Debtor's Motion to Dismiss Movant's Motion for Relief of Stay, December 18, 2008**

1. including arrearages, with the upfront cash amount being deducted from that full settlement price, with the remaining balance to be financed for 30 years at the fixed rate of 5%.

Prior to Debtor filing this bankruptcy, Debtor attempted in good faith, with the support of Mr. Xitco's offer, on no-less-than three occasions, to negotiate a settlement with the Creditor.

I submitted to Creditor signed release(s) of confidential information allowing them to share any information with Mr. Xitco, and that Mr. Xitco was working on my behalf.

On the first occasion, UBS was offered either full payment or refinance option for $185,000.00. Following the faxing of documentation back and forth with a Dana Lantry (Loss Mitigation, UBS AG New York Branch, 7515 Irvine Center Drive, Irvine CA 926181-949-341-9638) UBS discontinued negotiations stating that they had not been provided with a HUD 1 document. That document was being prepared at the time of UBS closing discussions.

On the second occasion, following the downturn in the market (<30% and climbing) and an estimate of the structural work necessary to bring the property whole ($47,000.00) UBS was offered either full payment or refinance option for $168,000.00. As with the first occasion above, following the faxing of documentation back and forth with Loss Mitigation, UBS AG New York Branch, 7515 Irvine Center Drive, Irvine CA 926181-949-341-9638, UBS discontinued negotiations stating that they had not been provided with a HUD 1 document. Again, that document was being prepared at the time of UBS closing discussions.

The third occasion, in early January 2009, Mr. Xitco, with approval from my attorney, contacted the Creditor's attorney and made the following offer of settlement:

> UBS was offered the full amount of their own acknowledgement of what the property is worth, ((Motion For Relief of Automatic Stay (11 U.S.C.§ 362 and Bankruptcy Rule 4001), dated December 18, 2008 that the property has a value of $165,000.00 (page 4, line 12)), including arrearages, either a full payment or a refinance option for $165,000.00. I have received no response from UBS, their attorney, until I was presented with their Motion for Relief, to this date of filing.

Peter Jacobson
4207 Kootnai Street West, University Place, WA 98466
253.534.8800    talkwithpeterj@gmail.com

**Debtor's Motion to Dismiss Movant's Motion for Relief of Stay, December 18, 2008**

## V.
## CREDITOR IS ADEQUATELY PROTECTED, NOT FACING ANY RISK AND THE STAY IS SERVING ITS PURPOSE.

The Creditor is adequately protected and not facing any risk remaining under the stay and the stay is serving its purpose.

The Creditor, through a foreclosure auction, is posed to face a greater risk of loss of revenue than if they were allowed to proceed under a lifted stay.

The Creditor faces no risk if they agree to negotiate a good faith settlement with Debtor as the present offer stands: either full payment or refinance option for $165,000.00 under the terms and conditions as noted above.

**DEBTOR RESPECTFULLY PRAYS FOR AN ORDER OF THIS COURT AS FOLLOWS:**

1. Denying the Movant's Motion and maintain the automatic stay.
2. Precluding Movant from proceeding with foreclosure until discharge.
3. Permitting Movant, in good faith, to offer and provide Debtors with information re: potential Forebearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement and to enter into such agreement with Debtors.

Under Title 11, Chapter 1, § 105(a). Power of Court, "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the Court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement Court orders or rules, or to prevent an abuse of process." To this end, to prevent a possible abuse of the process by the Movant, based upon the actual standing of the Movant and/or its representatives concerning the holding of a security interest in the real property, I also respectfully request that the Court consider the following options:

4. Based upon the questions that have arisen concerning UBS's position concerning this property as entered in numbers I though III above, Debtor requests that this Court order UBS to:

Peter Jacobson
4207 Kootnai Street West, University Place, WA 98466
253.534.8800   talkwithpeterj@gmail.com

**Debtor's Motion to Dismiss Movant's Motion for Relief of Stay, December 18, 2008**

1　　　　　　　　(a) show proof to this Court that they hold a secured interest in the property,
2　　　　　　　　(b) show proof to this Court whether or not the property is unsecured through
3　　　　　　　　　　the bailout of UBS by the Central bank of Switzerland, thus making a
4　　　　　　　　　　claim for security interest moot because UBS has been paid for the
5　　　　　　　　　　full cost of the note, and
6　　　　　　　　(c) show proof to this Court whether or not the property is unsecured through
7　　　　　　　　　　the TARP or any other entity/program/government/investment, to
8　　　　　　　　　　include but not limited to Singapore Government's Investment
9　　　　　　　　　　Corporation, thus making a claim for security interest moot because
10　　　　　　　　　　UBS has been paid for the full cost of the note.
11　　　　5.　　For such other and further relief as the Court deems just and proper.

Dated January 20, 2009

_[signature]_

Peter Jacobson, Debtor

Peter Jacobson
4207 Kootnai Street West, University Place, WA 98466
253.534.8800　talkwithpeterj@gmail.com

**Debtor's Motion to Dismiss Movant's Motion for Relief of Stay, December 18, 2008**